**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                  CRIMINAL ACTION NO. 19-00394-04

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

MICHAEL FRANCIS                           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion for Compassionate Release filed by Defendant Michael Francis ("Francis") pursuant to 18 U.S.C. § 3582(c)(1)(A). See Record Document 654. The United States filed an opposition. See Record Document 667. Francis filed a reply. See Record Document 681. For the reasons set forth below, the Motion is **DENIED**.

**FACTUAL BACKGROUND**

Francis was charged by superseding indictment with multiple counts involving the distribution of methamphetamine and possession of a firearm. See Record Document 667 at 1–2. On February 22, 2021, he pleaded guilty to Count One of the superseding indictment, which charged conspiracy to distribute and possess with intent to distribute methamphetamine. See id. at 2. The Presentence Investigation Report attributed approximately 830.4 grams of methamphetamine to Francis, resulting in a total offense level of 34. See id.

Francis had a significant criminal history, including a prior felony conviction for attempted second degree murder and misdemeanor convictions for telephone harassment and violations of protective orders. See id. His criminal history score placed him in Criminal History Category VI. See id. On August 29, 2022, the Court sentenced Francis to 188 months of imprisonment followed by five years of supervised release. See

Record Document 525. His projected release date is May 24, 2034. See Record Document 667 at 2.

Francis now seeks compassionate release based primarily on his medical conditions. See Record Document 654. He asserts that he suffers from hypertension, obesity, post-traumatic stress disorder, and kidney failure and argues that these conditions make him particularly vulnerable to contracting COVID-19 and becoming seriously ill. See id. Francis has also submitted numerous letters of reference written by family members. See Record Documents 657, 661, 662, 663, 664, & 665. The Government opposes the motion and argues that Francis's medical conditions do not constitute extraordinary and compelling reasons for release. See Record Document 667. The Government further notes that Francis previously declined a COVID-19 vaccination offered by the BOP. See id.

## LAW AND ANALYSIS

### I.      Applicable Standards

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

> (1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
>
> (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
>
> (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

2

Here, Francis moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

## II.    Analysis

Francis contends that his medical conditions, particularly kidney failure, constitute extraordinary and compelling reasons for release. See Record Document 654 at 2–4. The Court does not minimize the seriousness of Francis's medical issues. However, the record reflects that the BOP is actively treating these conditions and that Francis receives dialysis and ongoing medical monitoring. See Record Document 667-3. The Government further represents that Francis's medical conditions are being managed through medication and treatment and that he remains capable of providing self-care within the correctional environment. See Record Document 667.

Courts within the Fifth Circuit have consistently held that chronic medical conditions which are being effectively managed within the prison setting generally do not constitute extraordinary and compelling reasons for compassionate release. See United States v. Thompson, 984 F.3d 431, 434–35 (5th Cir. 2021). Additionally, Francis's reliance on the risk of COVID-19 complications is undermined by the record indicating that he declined a COVID-19 vaccination offered by the BOP. See Record Document 667-3 at 14. The Court therefore concludes that Francis has failed to demonstrate extraordinary and compelling reasons warranting a reduction in his sentence.

3

Even assuming arguendo that Francis could establish extraordinary and compelling circumstances, the Court finds that the sentencing factors under 18 U.S.C. § 3553(a) weigh strongly against release. Francis participated in a significant methamphetamine distribution conspiracy involving large quantities of narcotics. See Record Document 667 at 9. The offense was serious and posed a substantial danger to the community. Moreover, Francis has a violent criminal history, including a conviction for attempted second degree murder in which he ambushed and shot a victim who was sitting inside a vehicle. See id.

The Court further notes that Francis has served only a portion of the sentence imposed. Granting compassionate release at this stage would not adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. See 18 U.S.C. § 3553(a)(2). Nor would such a reduction sufficiently protect the public from further crimes by the defendant. See id. Accordingly, the Court finds that the § 3553(a) factors independently weigh against granting compassionate release.

## CONCLUSION

Based on the reasons explained above, Francis's Motion for Compassionate Release (Record Document 654) is **DENIED**.

An order consistent with this ruling shall issue herewith.

4

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of March, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT